Leo M. Klein, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Samuel Jackson, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 39457, 39458. Promulgated September 30, 1930.

*Harvey L. Rabbitt, Esq., Harry T. Lore, Esq.,* and *C. M. Edelman, Esq.,* for the petitioners.

*John D. Kiley, Esq.,* for the respondent.

1058

1059

OPINION.

SEAWELL: In the first place the petitioners contend that a deduction should be allowed in computing the net income of the partnership in the amount of $44,807.78, on the ground that when a building was conveyed by a corporation, whose stock was held by the partnership or partners, to the partnership, the designated purchase price was insufficient to that extent to extinguish the obligations of the corporation to the partnership and no assets remained in the corporation with which this could be satisfied. When the relationship between the corporation and the partnership is considered, as well as the entire circumstances connected with the erection of the building by the corporation and its conveyance to the partnership, we fail to find any justification for saying that this excess constituted a debt on account of which a deduction could be allowed under the " bad debt " provisions of the statute. On the contrary, a more reasonable view would seem to be that whatever obligations existed on the part of the corporation to the partnership were satisfied through the conveyance of the building to the partnership. The Commissioner's action in denying the deduction is sustained.

With respect to the second issue, the Commissioner determined that income accrued to the partnership in 1924 in the amount of $16,256.84 on account of a lease executed on October 1, 1924, of the building involved in the foregoing transaction. The lease provided for an annual rental of $135,000 per year, if earned, payable in monthly installments in advance. The partnership books were kept on the accrual basis. The petitioner's principal answer to the Commissioner's determination seems to be that the amount in question was not income for 1924, for the reason that no payments were received in that year and that the entire income under the lease for the year ended October 30, 1925, was reported in 1925. We do not

understand these considerations to be determinative of the issue presented. An accrual of income takes place when all events have occurred which fix the amount of income and determine that it is to be received by the taxpayer. *United States* v. *Anderson,* 269 U. S. 422. The Commissioner determined that the necessary events had occurred to fix an accrual and his determination is considered *prima facie* correct. Lack of receipt of the income in 1924 or that the income was received and reported in 1925 do not, in our opinion, meet the burden imposed on the petitioners to sustain their contentions.

In connection with the foregoing issue, it is further contended that, in any event, if the partnership is to be considered as having realized income on account of the lease in question, such income as determined by the Commissioner is excessive, for the reason that depreciation was not taken into consideration in such determination. Merit might attach to this proposition if we had more information as to the manner in which the rental was considered as earned. Apparently, the amount considered as income by the Commissioner is based upon an audit made of the books of Sulgrave, Inc., the lessee, early in 1925, though when the witness who testified as to the failure to consider depreciation in such determination was asked on cross-examination about the audit, his answers were evasive and as if he knew little about the audit. When asked whether the audit had been made, he replied, "I believe so"; whether it was made in the early part of 1925, "I do not recall"; and whether there was a determination of any rent having been earned in 1924, "There might have been a determination of the rent earned in 1924 at a later date." However, when near the close of the hearing the depreciation question was raised for the first time, the same witness shows a surprising amount of knowledge (when we consider his former testimony) as to the audit in question. He now is positive that no depreciation was considered in such audit and offers exact figures from a trial balance prepared by him from the books of Sulgrave, Inc., at the close of 1924. The audit in question is not before us nor is the basis of the Commissioner's determination definitely set forth. The only evidence presented was the testimony of the witness referred to above who testified as to cost from the trial balance prepared by him from the books of the lessee. On the basis of the record as presented we are unable to say that the rental income as determined by the Commissioner should be reduced on account of depreciation.

The final issue relates to an amount of $10,589.58 paid by the partnership in connection with the purchase and sale of property known as 76 Fifth Avenue. Much confusion exists in the record both as

to the basis of the petitioner's contention and also as to what actually occurred. The confusion which appears is illustrated by the pleadings, wherein the petitioners first assigned error on the part of the Commissioner in refusing to allow a deduction to the partnership for interest in the amount in question, which is what the item was denominated on the partnership return. In an amended petition the error assigned was that the Commissioner erred in his failure to allow the deduction as a bad debt, and the allegation of fact as a basis therefor was that a loan had been made to the 76 Fifth Avenue Corporation in this amount in 1924 and that this amount was charged off the books in 1924 when it was determined that the corporation had no assets with which to satisfy the loan. At the hearing this assignment of error was further amended to eliminate the part to the effect that the item constituted a bad debt, and merely to assign error because of failure to allow the deduction. Further, in the opening statement of counsel for petitioner it is stated that the "Commissioner erred in refusing, or neglecting to consider that as an additional cost of the building and that in determining gain or loss in 1924, Klein and Jackson should have had the benefit of that amount." It is likewise difficult to determine from the evidence exactly what occurred beyond the fact that Klein & Jackson paid the amount in question on account of the contract under which the 76 Fifth Avenue Corporation acquired the building. That it was paid to the corporation or its subsidiary from whom the building was acquired would not necessarily make it deductible to the partnership of Klein & Jackson, since the indebtedness in question seems to have been the indebtedness of the 76 Fifth Avenue Corporation and not that of the partnership, even though the partners owned all of the stock of the corporation. How it might have been proper to have treated the item in so far as profit to the corporation on account of the sale of the building was concerned is not a question before us and we know little as to how such profit may have been computed. Were the petitioners alone concerned and had they paid the amount in question to the party from whom the building was acquired in order to complete the purchase thereof, it might not be material whether we denominated the item interest, or an additional cost of the building; in either event it might well serve to reduce the profits for 1924 when the building was purchased and sold in that year. Here, however, in view of the confusion existing in the record as to what the item in fact represented, the manner in which the transaction was carried out through a corporation which might well be entitled to the deduction rather than the petitioners (if any deduction is allowable on account thereof), and the entire record as pre-

sented, we are unwilling to say that the petitioners have overcome the *prima facie* correctness of the Commissioner's determination that a deduction on account thereof is not allowable. (Cf. *Nixon* v. *Lucas*, 42 Fed. (2d) 833.

*Judgment will be entered for the respondent.*